40 F.3d 1250
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eraklis ERAKLIDIS d/b/a Hercules Painting Company, Appellant,
v.
Sheila WIDNALL, Secretary of the Air Force, Appellee.
 No. 94-1141.
 United States Court of Appeals, Federal Circuit.
 Oct. 31, 1994.
 
 Before ARCHER, Chief Judge, RICH and NIES, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eraklis Eraklidis, doing business as Hercules Painting Co., appeals from the December 28, 1993 decision of the Armed Services Board of Contract Appeals (ASBCA or board), Hercules Painting Co., ASBCA No. 42,204, 94-2 BCA p 26,610. The ASBCA denied Eraklidis' claim for additional costs, by the reformation of the contract, based on an alleged mistake in the square footage measurements contained in the solicitation. We affirm.
 
 DISCUSSION
 
 2
 We have jurisdiction over appeals from the ASBCA pursuant to the Contract Disputes Act (CDA). 41 U.S.C. Sec. 607(g)(1) (1988). The CDA defines the standard for this review:
 
 
 3
 [T]he decision of the agency board on any question of law shall not be final or conclusive, but the decision on any question of fact shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence.
 
 
 4
 41 U.S.C. Sec. 609(b) (1988). This court generally reviews the board's factual findings for substantial evidence, Erickson Air Crane Co. v. United States, 731 F.2d 810, 814 (Fed.Cir.1984), and has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." United States v. General Electric Corp., 727 F.2d 1567, 1572 (Fed.Cir.1984). Further, although the conclusions of law are not final and are reviewed de novo, this court gives careful consideration to legal interpretations by tribunals that have expertise in specialized areas of law. SMS Data Prods. Group, Inc. v. United States, 900 F.2d 1553, 1555 (Fed.Cir.1990).
 
 
 5
 The ASBCA found that, although a drawing in the solicitation recited the approximate square footage of the exterior walls and fascia of the housing units to be painted, Eraklidis had the responsibility under the terms of the solicitation to confirm the actual square footage measurements. Eraklidis claims that the measurements in the drawing constituted an implied warranty and that he was entitled to rely on their accuracy, but the solicitation provides otherwise. A notation on the drawing emphasized: "All SQ FT and lin ft given are approximate. The contractor shall be responsible for verifying actual areas for the work." Invitation for Bids (IFB) No. F04626-88-B0041, Drawing n. 2. Where a solicitation requires that a contractor verify measurements for discrepancies, and the contractor fails to do so, the risk of differing site conditions falls on the contractor. See W.M. Schlosser Co. v. United States, 767 F.2d 870, 873 (Fed.Cir.1985).
 
 
 6
 The ASBCA also found that Eraklidis had prior knowledge of the square footage discrepancy and had failed to bring this discrepancy to the attention of the agency in the manner required by the solicitation. Based on performance of a previous contract to paint the same housing units, Eraklidis knew that the actual square footage was approximately 3500 square feet, not the 1500 square feet as stated in the solicitation. If a contractor knows of a mistake in a solicitation, and chooses to ignore the mistake when making a bid, such action constitutes a business judgment for which no relief is granted. Liebherr Crane Corp. v. United States, 810 F.2d 1153, 1157 (Fed.Cir.1987). The board determined that Eraklidis had repeatedly ignored opportunities to properly notify the agency of the apparent discrepancy in the solicitation, first upon receipt of the solicitation, then upon the failure to make a site visit, and finally upon receipt of the request for verification. Indeed, even in response to a request for verification of the bid price, which occurred because Eraklidis' bid was twenty-four percent below the government estimate, Eraklidis verified the bid price without objection or any other reservation. Significantly, this verification occurred after Eraklidis had determined by measurement at the site that the actual square footage was more than double the amount estimated in the solicitation.
 
 
 7
 The ASBCA also determined that Eraklidis improperly sought to hold the agency responsible based on alleged representations by a government agent with no authority to approve changes. It is well established that, absent authority, the government is not bound by the acts of its employees. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380 (1947); S.J. Amoroso Constr. Co. v. United States, 12 F.3d 1072, 1075 (Fed.Cir.1993); CACI, Inc. v. Stone, 990 F.2d 1233, 1236 (Fed.Cir.1993). Accordingly, the decision of the ASBCA is affirmed.